**Vladimir SHAMO, Monika Shamo, and Mario Shamo, Petitioners,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

Nos. 03–40257–ag(L); 03–40263–ag(Con).

United States Court of Appeals, Second Circuit.

July 14, 2006.

Glenn T. Terk, Wethersfield, Connecticut, for Petitioner.

For Respondent: Because the Court did not receive a brief from the respondent within fifteen days of the March 22, 2006 due date specified in the scheduling order issued on January 31, 2006, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d).

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. DENNIS JACOBS, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Vladimir Shamo, Monika Shamo, and Mario Shamo, through counsel, petition for review of the BIA's decisions affirming Immigration Judge ("IJ") Michael Straus's denial of Vladimir's application for asylum, withholding of removal, and CAT relief. We presume the parties' familiarity with

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case

the underlying facts and procedural history of the case.

As a preliminary matter, we dismiss Monika Shamo's and Mario Shamo's petition because it was not timely filed pursuant to 8 U.S.C. § 1252(b)(1). We now review the merits of Vladimir's petition for review.

Where, as here, the BIA summarily affirms the IJ, the Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

The IJ's adverse credibility finding sufficiently rested on the unexplained discrepancy between Vladimir's application, which said he was a *member* of the Democratic Party ("DP") and his testimony at the hearing, in which Vladimir said he was the chair of his village chapter. This is significant because the background material reflects that officers of the DP may be persecuted, but not mere members. Vladimir further claimed that, because of his marriage, which joined two anti-Communist families, he was treated more harshly than the average DP member. But the IJ was

not bound to accept that explanation, and did not.

The IJ found further that Vladimir's travel between Albania and Greece undermined his credibility. The IJ was not obliged to accept Vladimir's explanation that Greece as a country is not receptive to "freedom of ideas, and especially Albanian ideas ..."

Vladimir's claim for withholding of removal is waived by his failure to argue that claim in his brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005). We have no jurisdiction to address his CAT claim because he failed to exhaust that basis of relief 17 before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, No. 03–40257 is DENIED. No. 03–40257 is DENIED with respect to Vladimir's claims for withholding of removal and CAT relief. No. 03–40263 is DISMISSED as untimely. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).